UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CATHERINE CURRAN-GROOME,
BRANDON MURPHY, and AIDAN PARISI,

*Plaintiffs*,

v.

COLUMBIA UNIVERSITY,

*Defendant.*

Case No. _____

---

NOTICE OF REMOVAL

PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. § 1441(a), Defendant Trustees of Columbia University in the City of New York[1] ("Columbia" or the "University") hereby removes the above-captioned action from the Supreme Court of the State of New York, New York County, where the action is now pending, to the United States District Court for the Southern District of New York. In support of this notice of removal, Columbia states as follows:

**Procedural History**

1.  On February 3, 2025, Plaintiffs Catherine Curran-Groome, Brandon Murphy, and Aidan Parisi, graduate students at Columbia, commenced this action against the University by filing a Summons and Complaint in the Supreme Court of the State of New York, New York County. *See* Ex. A ("Compl."). Columbia is the only Defendant in this action.

2.  On February 6, 2025, Plaintiffs served the Summons and Complaint on Columbia. *See* Ex. B. To date, no other process, pleadings, or orders have been served upon Columbia.

---

[1] Columbia University is incorporated under the name The Trustees of Columbia University in the City of New York, which is therefore the Defendant in this action.

3. Plaintiffs' Complaint asserts ten different causes of action under federal, state, and municipal law, each of which derives from Columbia's alleged disciplinary actions against Plaintiffs, including in connection with their involvement in protest activities on Columbia's campus during the 2023-2024 academic year. Specifically, Plaintiffs allege (1) violation of Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d, *see* Compl. ¶¶ 229-41; (2) violation of New York Human Rights Law, N.Y. Exec. Law § 296, *see* Compl. ¶¶ 242-50; (3) violation of New York City Administrative Code, N.Y.C. Admin. Code § 8-107(4), *see* Compl. ¶¶ 251-58; (4) violation of New York Landlord-Tenant Law, N.Y. Real Prop. Law §§ 215, 228, 232-A, *see* Compl. ¶¶ 292-93; (5) violation of "*Tedeschi* rights," *see id.* ¶¶ 259-67; (6) breach of contract, *see id.* ¶¶ 268-72; (7) negligence, *see id.* ¶¶ 273-78; (8) intentional infliction of emotional distress, *see id.* ¶¶ 279-86; (9) negligent infliction of emotional distress, *see id.* ¶¶ 287-91; and (10) "declaration as to the respective rights, responsibilities and liabilities of the parties," *see id.* ¶¶ 294-95.

## Grounds for Removal

4. This action may be removed to federal district court pursuant to 28 U.S.C. § 1441(a) because this Court has original jurisdiction over the action under 28 U.S.C. § 1331.

5. Plaintiffs' first cause of action, which alleges violations of Title VI of the Civil Rights Act of 1964, arises under federal law. Accordingly, this Court has subject matter jurisdiction over this claim pursuant to 28 U.S.C. § 1331.

6. The Court may exercise supplemental jurisdiction over the remaining causes of action, which arise under state and municipal law, pursuant to 28 U.S.C. § 1367(a). Plaintiffs' non-federal causes of action "derive from a common nucleus of operative fact" as Plaintiffs' Title VI claim, over which this Court has original jurisdiction under 28 U.S.C. § 1331, and thus these causes of action form part of the same case or controversy as the Title VI claim. *Shahriar v. Smith &*

*Wollensky Rest. Grp., Inc.*, 659 F.3d 234, 245 (2d Cir. 2011) (quoting *Briarpatch Ltd., L.P v. Phoenix Pictures, Inc.*, 373 F.3d 296, 308 (2d Cir. 2004)).

### Procedural Requirements

7. Pursuant to 28 U.S.C. § 1441(a), this action may be removed from the Supreme Court of the State of New York, New York County, to this Court because the United States District Court for the Southern District of New York is the district court "embracing the place where [the] action is pending." 28 U.S.C. § 1441(a).

8. Removal of this action is timely under 28 U.S.C. § 1446(b) because this notice of removal has been filed within 30 days after Plaintiffs served Columbia with a copy of the Summons and Complaint on February 6, 2025.

9. True and correct copies of all documents served on Columbia in the action pending in the Supreme Court of the State of New York, New York County, are attached hereto as Exhibits A and B, as required by 28 U.S.C. § 1446(a).

10. After filing this notice of removal, Columbia will promptly serve written notice of this notice of removal on Plaintiffs' counsel and file the same with the Clerk of the Supreme Court of the State of New York, New York County, in accordance with 28 U.S.C. § 1446(d).

11. Columbia has not yet answered or otherwise responded to the Summons and Complaint in this action, and its time to respond has not yet expired.

### Non-Waiver of Defenses

12. By filing this notice of removal, Columbia does not waive any defense or right that may be available to it, and Columbia reserves the right to amend or supplement this notice.

13. By filing this notice of removal, Columbia also does not admit any of the allegations in Plaintiffs' Complaint.

WHEREFORE, Columbia hereby removes this action from the Supreme Court of the State of New York, New York County, to the United States District Court for the Southern District of New York.

Dated: New York, New York
      February 25, 2025

Respectfully submitted,

_____
Gabrielle E. Tenzer
HECKER FINK LLP
350 Fifth Avenue, 63rd Floor
New York, New York 10118
Telephone: (212) 763-0883
gtenzer@heckerfink.com

*Counsel for Defendant Trustees of Columbia University in the City of New York*